IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

vs.                                                          **Case No.** 3:04cv369/RV/EMT

**0.21 OF AN ACRE OF LAND, MORE OR LESS,
SITUATE IN ESCAMBIA COUNTY,
STATE OF FLORIDA,
THE ESTATE OF ROBERT ST. JAMES, deceased,
and his heirs at law,
BERTHA GOODEN ST. JAMES, et al.,**

      **Defendants.**

## FINAL JUDGMENT OF CONDEMNATION

THIS CAUSE came on to be heard on the United States' motion for final hearing, upon notice to all parties, and

IT appearing to the Court that:

(a) All defendants who are parties to this action have been duly served with legal process and the Court has jurisdiction over the parties and the subject matter.

(b) Defendants **BERTHA GOODEN ST. JAMES, THE STATE OF FLORIDA, THE ESCAMBIA COUNTY TAX COLLECTOR**, and the Guardian Ad Litem for such unknown heirs, or claimants to the property who are infants, incompetent or otherwise not *sui juris* and those who may be in the military service of the United States have answered the Complaint. The pleadings and the affidavits on file (there being no depositions, answers to interrogatories or admissions) show there is no genuine issue as to a material fact and that the United States is

entitled to a Judgment of Condemnation;

(c) The United States has submitted to the Court its proof of the prior ownership to the property, fair compensation for the property, and the death certificate of Robert A. St. James from Maricopa County, Arizona, reflecting that he was found dead on August 4, 2001; the proof having been submitted and examined, and the pleadings, together with the record as a whole, having been considered, the Court finds that the property subject to the declaration of taking, to wit:

> All that tract of parcel of land lying and being in Section 8, Township 2 South, Range 30 West, Tallahassee Meridian, Escambia County, Florida, being more particularly described as being:
>
> All of Lot 6, Block A, Rosewood Terrace Unit No. 1, of Rosewood Terrace Subdivision, a subdivision of a portion of said section 8, according to the plat of said subdivision thereof recorded in Plat Book 5, Page 11, as recorded in the records of the office of the Clerk of the Circuit Court in and for Escambia County, Florida in Book 2640, at page 990
>
> Containing 0.21 of an acre, more or less, and designated as Tract 136 of the Escambia Treating Company Superfund Site Project..

is lawfully subject to condemnation in accordance with the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 (CERLA), all as provided by CERLA, and Title 42, United States Code, Section 9604(j);.

(d) And it further appearing that service upon all parties who may claim an interest in said property has been properly effectuated in accordance with Rule 71A(d), Fed. R. Civ. P.;

(e) And it further appearing that in accordance with the agreement between the parties, there being no evidence to the contrary, the fair and just compensation for the taking of the property in $30,400.00;

(f) And it further appearing that as part of the Complaint for Condemnation, the government attached a declaration of taking signed by the authority empowered by law to acquire the land described in the petition, declaring that the land is taken for the use of the Government;

(g) And it further appearing that on the 26th day of October, 2004, there was deposited by the United States of America, the Plaintiff, with the Clerk of the United States District Court for

the Northern District of Florida, the sum of $ 30,400.00, representing the agreed upon compensation for the property;

(h) And it further appearing that unpaid taxes on the subject property for the years 1997 and 1999 through 2004, with accrued interest and costs, total $5,034.63, and that an award of attorney's fees to the Tax Collector is not appropriate in this matter;

(i) And it further appearing that the balance now held by the Clerk of this Court with respect to the subject deposited funds and accrued interest is about $30,897.84;

(j)  And it further appearing that the rights to the funds representing the fair compensation for the property rightfully belongs to **BERTHA GOODIN ST. JAMES**, the legal heir of Robert A. St. James, deceased, subject only to such taxes properly assessed against said property;

IT IS THEREFORE, ORDERED AND ADJUDGED:

(1) that in accordance with Title 40, United States Code, Section 3114, upon the filing the declaration of taking and depositing in the court, to the use of the persons entitled to the compensation, the amount of the estimated compensation stated in the declaration -

(a) title to the estate or interest specified in the declaration vests in the Government;

(b) the land is condemned and taken for the use of the Government; and

(c) the right to just compensation for the land vests in the persons entitled to the compensation.

Therefore, this Court finds that on the 26th day of October, 2004, the fee simple absolute title to the lands as described in the Complaint vested in the United States of America free and discharged of all claims and liens of every kind whatsoever.

(2) that service of process was properly perfected upon all parties claiming an interest in the property being condemned in accordance with Rule 71A(d), Fed. R. Civ. P.;

(3)  that the fair compensation for the condemnation is $30,400.00;

(4)  that **BERTHA GOODIN ST. JAMES** the surviving widow of Robert A. St. James, is entitled to the distribution of said funds subject only to the lawfully assessed taxes of the County of Escambia, State of Florida up to October 26, 2004, the date title was vested in the United States of America.

(5) that the proceeds deposited with the Court, that being $30,400.00, together with

accrued interest thereon, shall be disbursed as follows;

    (a)  to the Escambia County Tax Collector in the amount of $ 5,034.63;

    (b)  with the rest and remaining amount of approximately $25,863.21 to be disbursed to **BERTHA GOODIN ST. JAMES**.

    (6)  The Clerk is hereby directed to disburse the funds deposited in the registry of the Court in accordance with this order.

    DONE and ORDERED this 24th day of August, 2005.

                                    /s/ *Roger Vinson*
                                    ROGER VINSON
                                    SENIOR UNITED STATES DISTRICT JUDGE